UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ernesto Poux, Jr., <br><br> Petitioner, <br><br> vs. <br><br> Darlene Drew, Warden, <br><br> Respondent. | ) C/A No. 4:10-1684-HFF-TER <br> ) <br> ) <br> ) REPORT AND <br> ) RECOMMENDATION <br> ) <br> ) <br> ) <br> ) |

The petitioner, Ernesto Poux, Jr. ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at Federal Correctional Institution, in Bennettsville, South Carolina, a facility of the Federal Bureau of Prisons ("BOP"). Petitioner files his habeas petition "for violation of First Amendment Right to Use of Telephone." Docket #1 at 1. The petition seeks a court order to "reinstate" Petitioner's "right to use of the telephone," as well as an order to protect against retaliation, and an order vacating BOP policy allowing an inmate's use of the phone to be taken. Docket #1 at 2-3. This action should be dismissed based on Petitioner's habeas petition and attachments, which clearly indicate Petitioner is not entitled to habeas relief.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992);

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## **DISCUSSION**

The petition has a BOP "Incident Report" and "Disciplinary Hearing Officer Report" attached to it, which reveal that Petitioner was charged with an infraction of prison rules involving use of the telephone. Docket # 1-3. The incident report alleges Petitioner called a female and

2

instructed her to send money to another inmate, as well as himself. Petitioner was charged with "Use of Telephone for Abuses other than Criminal Activity" (Code 297), as well as "Giving Anything of Value to Another Person without Staff Authorization" (Code 328). A disciplinary hearing was held at which Petitioner was found to have committed the infractions as charged and was sanctioned. The sanctions included disallowance of good conduct time and disciplinary segregation for the Code 297 charge and loss of 180 days of telephone privileges for the Code 328 charge. Docket # 1-3 at 4.

The petition seeks to have this Court issue an order "to reinstate [Petitioner's] right to the use of the telephone as is mandated by the U.S. Supreme Court and the First Amendment," as well as issue a "restraining order" to protect against retaliation, and an "order vacating the policy of the FBOP regarding the illegal action of taking an inmates right to the use of the telephone." Docket # 1 at 2-3.

Petitioner files a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A writ under § 2241 is available to a prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's only stated ground for habeas relief is that he has "been denied my First Amendment <u>right</u> to the use of the telephone for 180 days."[2] Docket #1-1 at 8. Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The relief Petitioner seeks is restoration of telephone use. Docket #1-1 at 9.

---

[2] The First Amendment does not establish a *per se* right to telephone use by a prisoner. *See U.S. v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996)(unpublished)("there is no constitutional or federal statutory right to use of a telephone while in prison."); *see also Thomas v. Drew*, 365 Fed.Appx. 485 (4th Cir. Feb. 17, 2010) (unpublished)(loss of telephone privileges for 50 plus years upheld as constitutional).

Clearly, the restriction or restoration of telephone use has no effect on the duration of Petitioner's confinement. Petitioner's claim for violation of his First Amendment rights does not challenge the fact or duration of his confinement, and his habeas petition does not seek immediate or speedier release from confinement. The petition does not state a claim cognizable in a habeas action pursuant to § 2241, and does not seek a remedy that can be granted pursuant to § 2241. The petition in this case should be dismissed because the petition, with attachments, clearly indicate Petitioner is not entitled to habeas relief. *See* Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the petition for a writ of habeas corpus *without prejudice* and without requiring a response by the respondent. **Petitioner's attention is directed to the important notice on the next page**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 22, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).